1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFEREY BAIDA, | ) Case No. CV 15-2819-JVS (JPR) |
| Petitioner, | )<br>) |
| vs. | ) ORDER DISMISSING HABEAS PETITION<br>) AND ADMINISTRATIVELY CLOSING CASE |
| Warden, | )<br>) |
| Respondent. | )<br>) |

    On April 16, 2015, Petitioner filed an untitled document
that appeared to challenge a state-court sentence following a
criminal conviction of some sort.  Because the Petition was not
submitted on either the national form appended to the Habeas
Rules or the form currently approved and supplied by the Central
District of California for habeas petitions, <u>see</u> R. 2(d), Rs.
Governing § 2254 Cases in U.S. Dist. Cts. (authorizing district
court to require by local rule that habeas petitions be filed in
form prescribed by rule); <u>see also</u> Cent. Dist. Local R. 83-16.1,
the Magistrate Judge on April 27 dismissed the Petition with
leave to amend.  She instructed Petitioner to file an amended
petition on the required Central District form, which she

directed the Clerk to provide to him, no later than May 27, 2015, and warned him that if he did not do so his Petition could be dismissed for failure to prosecute. On May 13, 2015, the Court's Order was returned as undeliverable, apparently because of a typographical error in Petitioner's address. On May 14, 2015, the Magistrate Judge ordered that the April 27 Order and attachments be re-served on Petitioner at the corrected address, and she gave him 30 days from the date of that Order to file any amended petition. She again warned him that his failure to do so could result in his Petition being dismissed for failure to prosecute. To date Petitioner has not filed an amended Petition or any other communication with the Court, nor have the May 14 Order and attachments been returned as undeliverable.

Courts may dismiss lawsuits that are not diligently prosecuted. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam). In determining whether to dismiss a pro se petitioner's action for failure to prosecute, a court must consider (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Unreasonable delay creates a rebuttable presumption of prejudice to the opposing party that can be overcome only with an affirmative showing of just cause by the petitioner. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth factors

militate in favor of dismissal.  The Court cannot simply leave
hanging on its docket a case without a viable initial pleading.
Indeed, because Petitioner did not use the required Central
District form, the Court cannot adequately screen the Petition to
determine whether its claims have been exhausted in state court
or whether it is timely.  Further, Petitioner has not rebutted
the presumption of prejudice to Respondent caused by his
unreasonable delay in prosecuting this action.  Finally, there
does not appear to be any less drastic sanction the Court can
take, as Petitioner has not availed himself of the opportunity to
amend the Petition even after being expressly warned that if he
failed to do so his case might be dismissed.  To the extent the
prior dismissal with leave to amend does not constitute a
"sanction," see Pagtalunan, 291 F.3d at 643, the Court notes that
dismissal without prejudice is a less drastic sanction than with
prejudice, which is authorized when a party has failed to
diligently prosecute a lawsuit, see id. at 642-43 (affirming
dismissal of habeas petition with prejudice for failure to
diligently prosecute).  Although the fourth factor weighs against
dismissal — as it does in every case — the other factors together
outweigh the public's interest in disposing of the case on its
merits.

     Accordingly, this action is dismissed without prejudice for
the reasons stated in the Magistrate Judge's April 27, 2015 Order
and under the Court's inherent power to achieve the orderly and
expeditious disposition of cases by dismissing actions for

failure to prosecute.[1]

LET JUDGMENT BE ENTERED ACCORDINGLY.


DATED: July 6, 2015

_____
JAMES V. SELNA
U.S. DISTRICT JUDGE


Presented by:


## JEAN ROSENBLUTH
Jean Rosenbluth
U.S. Magistrate Judge

---

[1]In dismissing this action without prejudice, the Court expresses no view on whether any subsequent habeas petition would be timely.

4